UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Donna N. Wilcox, Gary W.
Marquart and Howie N.
Groom, individually, and
all other similarly situated,

Plaintiffs,

vs.

PRETRIAL SCHEDULE

Burlington Northern Santa
Fe Railway Company, a
corporation,

Defendants.

Civ. No. 00-1166(JMR/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of October, 2000.

* * *

Pursuant to Pretrial Conference convened on September 13, 2000, accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Schedule will govern these proceedings. **The Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rule 16.3**.

FILED OCT 04 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

I.

Because this matter is brought as a class action under Rule 23, Federal Rules of Civil Procedure, initial disclosures are not required. The period during which the parties may conduct discovery on issues solely of class certification shall terminate on **April 1, 2001.** Any motion for class certification must be filed and the Hearing thereon completed prior to **June 1, 2001.**

All discovery relating to the merits of this action shall be stayed until the Court has issued an Order regarding any motion for class certification. Discovery on the merits shall commence following the filing of that Order and shall be completed within **10 months thereafter.** Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **May 1, 2001.**

III.

That all nondispositive Motions shall be filed and the Hearing thereon completed prior to **May 1, 2001,** by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

That all nondispositive Motions relating to the merits of the case shall be filed and heard within **11 months** after the filing of the Court's Order regarding any motion for class certification. Such motions shall be subject to the requirements of the foregoing paragraph.

IV.

That no more than **25** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party relating to the class certification issues. That no more than **30** Interrogatories (counted in accordance with Rule

33(a), Federal Rules of Civil Procedure), shall be served regarding the merits of the case.

V.

That no more than **50** depositions (excluding expert depositions) shall be taken by each party without prior Order of the Court, with respect to the class certification issues. That no more than **50** depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court, with respect to the merits of the case.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
United States Magistrate Judge