UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Donna N. Wilcox, Gary W. Marquart, and Howie N. Groom, individually, and all other similarly situated,

Plaintiffs,

vs. MINUTE ORDER

Burlington Northern Santa Fe Railway Company, a corporation,

Defendant. Civ. No. 00-1166 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of January, 2001.

## I. Introduction

On January 25, 2000, the Court heard argument on the Plaintiffs' Motion to Compel the Deposition of the Defendant's Chief Executive Officer, Matt Rose ("Rose"). For these purposes, the Plaintiffs appeared by Charles T. Hvass, Jr., Esq., and the Defendant appeared by Megan K. Ricke, Esq. As we expressed at the close of the Hearing, the Plaintiff's Motion is denied, without prejudice to its renewal on a proper showing.

## II. Factual and Procedural Background

In October of 2000, the Plaintiffs formally advised the Defendant of their interest in noting the deposition of Rose. Subsequently, the Plaintiffs made numerous other formal, and informal,

FILED JAN 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(14)

attempts to note the deposition of Rose but, because of scheduling and communicative difficulties between the parties, no date was obtained. Eventually, the Plaintiffs -- nervous that the discovery period was passing while their attempts to depose Rose were appearing to be thwarted -- filed a Motion seeking to compel the deposition of Rose, during the period from February 12, 2001, to February 16, 2001, in Minneapolis, Minnesota. Rose is said to live and work in Fort Worth, Texas.

In response to this Motion, the Defendant formally opposed the deposition of Rose, as unnecessarily burdening this executive officer, who purportedly has no personal knowledge of information that would be relevant to class certification, or to the issues relevant to a document which is central to the issues in this case. In support of this position, the Defendant has submitted what is commonly referred to as a "know nothing Affidavit" -- a sworn attestation, usually of a top corporate executive, that he or she has no first-hand knowledge which is relevant to the Plaintiff's claim. See, Affidavit of Matthew K. Rose. Here, Rose avers that, while he did initial the referenced key document, he: (1) has no personal knowledge regarding its contents; (2) did not order its preparation; (3) did not author the document; (4) does not he have information as to the means by which the document was distributed; and (5) was involved with the document only insofar as he initialed

the face of the document and forwarded it to a subordinate within his company. Id. As a result, the Defendant intimates that the deposition of Rose is a tactical move, that constitutes discovery abuse, while the Plaintiffs believe that the Defendant's opposition to their discovery approach is a form of "hide-the-ball."

As we explained at the Hearing, given the present showings, the Defendant's objection to Rose's deposition is well-taken. In weighing the merits of the parties' respective positions, we are mindful that unfettered depositions of corporate executives could have the effect of causing undue disruption in the management of the executive's business affairs, and could be employed as a tool of harassment. See, Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 102 (S.D.N.Y. 1997); Travelers Rental Co., Inc. v. Ford Motor Co., 116 F.R.D. 140, 143 (D. Mass 1987); see also, Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979); Mulvey v. Chrysler Corp., 106 F.R.D. 364 (D.R.I. 1985). However, a growing number of decisions recognize that, even where the executive denies -- through a know-nothing-Affidavit -- relevant knowledge, the opposing party should be permitted to test such a disavowal through less intrusive means of discovery. See, e.g., Salter v. Upjohn Co., supra at 651; Rolscreen Co. v. Pella Products of St. Louis, Inc., 145 F.R.D. 92, 98 (S.D. Iowa 1992); Baine v. General Motors Corp., 141 F.R.D. 332, 335-36 (M.D. Ala. 1991); Community Fed. Sav. & Loan v. Federal Home

Loan Bank, 96 F.R.D. 619, 621-22 (D.D.C. 1983); Halderman v. Pennhurst State Sch. and Hosp., 96 F.R.D. 60, 64 (E.D. Pa. 1992); Skookum Co. v. Sutherlin Mach. Works, Inc., 33 F.R.D. 19, 21 (D. Ore. 1963); Colonial Capital Co. v. General Motors Corp., 29 F.R.D. 514, 518 (D. Conn. 1961).

Frequently, other means of discovery, including the deposition of other corporate employees, remain unexhausted when a party seeks to depose a top executive and, a Court, ordinarily, has no hesitation in commending the completion of the discovery of less senior corporate officials -- and, particularly, those who clearly have relevant knowledge -- as a less burdensome means of garnering pertinent evidence. This is such a case. The Plaintiff has yet to take the depositions of the Defendant's employees who are believed to have direct, personal knowledge concerning the preparation, purpose, and distribution of the key document. We believe that, because the Plaintiff has a right to test Rose's avowals of non-involvement, tempered by the limitations set forth in Rule 26(b)(2), Federal Rules of Civil Procedure, the completion of these depositions will afford the Plaintiff an ample opportunity to explore Rose's claimed lack of knowledge, without unnecessary burden, inconvenience, and expense.[1] We do not suggest that any

---

[1]As we stated during the course of the Hearing, given the (continued...)

specific number of depositions must be completed before a renoting of Rose's deposition would be appropriate, as any such suggestion would be no more than sheer speculation. If, as the Plaintiffs believe, Rose was involved in the circumstances which undergird this lawsuit and, particularly, as those circumstances bear on the issue of class certification, they are at liberty to draw the breadth and intensity of that involvement to our attention, during the pertinent period of discovery, and we will consider the issue afresh.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Compel the Deposition of Matt Rose [Docket No. 10] is DENIED, but without prejudice to its renewal upon a proper showing.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[1] (...continued)
claimed remoteness of Rose to the circumstances which prompted the distribution of the key document, and without a competent showing that he had direct involvement in any other aspect of the circumstances upon which the Plaintiffs' claims are predicated, we conclude that the completion of the depositions of the Defendant's other employees should allow an adequate degree of inquiry. As such, we direct the parties to "meet and confer," in order to facilitate the completion of discovery on the class certification issues.